By the Court.
The plaintiff in error brought action against the defendant in error in the municipal court of the city of Cincinnati to recover the sum of $280, claimed to be due upon certain promissory notes executed and delivered to it by the defendant in error.
The defendant below, defendant in error here, as a defense, alleged a failure of consideration, and set up a counterclaim against the plaintiff. Judgment was rendered thereon in favor of the defendant. Error was prosecuted to the court of common pleas of Hamilton county, which reversed the judgment of the municipal court. Upon proceedings in error the court of appeals reversed the judgment of the court of common pleas and affirmed that of the municipal court.
The sole question presented here is whether the court of appeals has jurisdiction upon a proceeding ip error from the court of common pleas in a case *63 which originated in the municipal court of the city of Cincinnati.
This court held in the case of Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, that the jurisdiction of the court of appeals is conferred by the constitution, and that the legislature has no power whatever either to enlarge or limit the appellate jurisdiction of that court. Such jurisdiction is conferred by Section 6 of Article IV of the Constitution, and the court of appeals is thereby authorized “to review, affirm, modify, or reverse the judgments of the courts of common pleas, superior courts and other courts of record.” Under this provision every judgment of the court of common pleas, regardless of where the action originated, is reviewable by the court of appeals Such jurisdiction is not affected, nor is the right of a party aggrieved by the judgment of the common pleas to have that judgment reviewed by the court of appeals abridged, by reason of the fact that the municipal court of Cincinnati, wherein the case originated, is also a court of record by the specific terms of the act creating it.
It follows that the court of appeals had jurisdiction to review the judgment of the common pleas court in this case and its judgment is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.